SO ORDERED.

Dated: March 13, 2017

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

## Minute Entry

Daniel P. Collins, Chief Bankruptcy Judge
_____

### Hearing Information:

| | |
|---|---|
| **Debtor:** | ROBERT MONROE & MICHELLE JOANNE GALVAN |
| **Case Number:** | 2:11-BK-02693-DPC   **Chapter:** 11 |
| **Date / Time / Room:** | WEDNESDAY, MARCH 08, 2017 10:30 AM   6TH FLOOR #603 |
| **Bankruptcy Judge:** | DANIEL P. COLLINS |
| **Courtroom Clerk:** | RHONDA VAUGHAN |
| **Reporter / ECR:** | RENEE BRYANT |

### Matters:

1) MOTION TO OBTAIN JUDICIAL DETERMINATION AS TO WHETHER POTENTIAL CREDITOR IS BOUND BY CONFIRMATION OF CHAPTER 11 REORGANIZATION PLAN FILED BY ERIC LAWRENCE COOK OF ZIEVE, BRODNAX & STEELE, LLP ON BEHALF OF U.S. BANK
   R / M #:   169 / 0

2) Motion for Contempt filed by STEPHEN F. BANTA of ANDERSON BANTA CLARKSON, PLLC on behalf of MICHELLE JOANNE GALVAN, ROBERT MONROE GALVAN
   R / M #:   173 / 0

### Appearances:

STEPHEN F. BANTA, ATTORNEY FOR ROBERT AND MICHELLE JOANNE GALVAN
JOSEPH TIRELLO, ATTORNEY FOR US BANK
ERIC COOK, ATTORNEY FOR US BANK

Case 2:11-bk-02693-DPC   Doc 187-1   Filed 03/13/17   Entered 03/13/17 14:56:35
Desc  Main Document   Page 1 of 3
03/13/2017   2:45:19PM

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA
# Minute Entry

(continue)... 2:11-BK-02693-DPC        WEDNESDAY, MARCH 08, 2017 10:30 AM

## *Proceedings:*

Mr. Tirella argues the Debtors never provided his client with notice of the bankruptcy filing, the confirmation process and other key confirmation deadlines. He argues his client is not a party to the bankruptcy and due to lack of notice the Court cannot bind his client to the terms of the plan.

Mr. Banta responds and urges the Court to deny the Motion for the reasons set forth on the record. He understands and believes that this particular debt by virtue of the Stipulated Order of Confirmation did discharge US Bank.


THE COURT HEARD ORAL ARGUMENT ON US BANK'S MOTION TO OBTAIN JUDICIAL DETERMINATION AS TO WHETHER POTENTIAL CREDITOR IS BOUND BY CONFIRMATION OF CHAPTER 11 PLAN FILED ON JANUARY 6, 2017, AND THE MOTION FOR CONTEMPT FILED WITH THE COURT ON JANUARY 26, 2017. THE COURT CONSIDERED THE PARTIES' PAPERS RELATED TO THE MOTIONS AND THE ARGUMENTS OF COUNSEL.

 IT IS ORDERED TAKING THE MOTIONS UNDER ADVISEMENT.


Galvin Under Advisement Ruling

   Before this Court is the Motion ("Plan Interpretation Motion") to Obtain Judicial Determination as to Whether Potential Creditor is Bound by Confirmation of Chapter 11 Reorganization Plan filed by U.S. Bank National Association, as Trustee of the Lehman Brothers Small Balance Commercial Mortgage Pass-Through Certificates, 2007-1 ("Creditor"). Also before this Court is the Motion ("Contempt Motion") to Hold U.S. Bank National Association in Contempt of Discharge Injunction and Request for Sanctions filed by Robert M. Galvan and Michelle J. Galvan ("Debtors").

   Creditor alleges it holds a claim against Debtors by virtue of a guaranty Debtors signed pre-petition in connection with a loan made to Revelations in Design, Inc. Debtors failed to list Creditor (or its predecessor in interest) in their bankruptcy schedules or on the master mailing list filed with this Court. Debtors' Chapter 11 Plan ("Plan") was confirmed on January 5, 2012 (DE 114). Debtors' Plan did not address their liability to Creditor. Nevertheless, Debtors contend Creditor had actual notice of their bankruptcy filing prior to confirmation of the Plan and should have acted to protect its position. Having failed to do so, Debtors contend that Creditor's claims should be discharged once Debtors fully satisfy the terms of the Plan. Debtors further contend Creditor violated the bankruptcy stay when it sued Debtors post-confirmation in state court. Creditor argues it did not have actual notice of the Debtors bankruptcy until long after the confirmation date but, even if it did, it is not bound by the Plan because it was

Case 2:11-bk-02693-DPC    Doc 187-1    Filed 03/13/17    Entered 03/13/17 14:56:35
Desc  Main Document    Page 2 of 3

# Minute Entry

(continue)... 2:11-BK-02693-DPC    WEDNESDAY, MARCH 08, 2017 10:30 AM

not served with process in this bankruptcy until long after the Plan was confirmed.

The 9th Circuit's ruling in In re Maya Const. Co., 78 F.3d 1395, 1396 (9th Cir. 1996) is controlling on the issues before the Court. In Maya, the Court held:

Generally, if a known contingent creditor is not given formal notice, he is not bound by an order discharging the bankruptcy's obligations. The fact that a creditor has actual knowledge that a Chapter 11 bankruptcy proceeding is going forward involving a debtor does not obviate the need for notice . . . The burden is on the debtor to cause formal notice to be given; the creditor who is not given notice, even if he had actual notice of the reorganization proceedings, does not have a duty to investigate and inject himself into the proceedings.

Id. at 1399. See also, Vitcovich v. Ocean Rover O.N., 106 F.3d 411 (9th Cir. 1997) (citing Maya for the proposition that a creditor is not bound by a confirmation order where it did not receive formal notice, despite actual notice of the bankruptcy); Ellett v. Stanislaus, 506 F.3d 774, 781 (9th Cir. 2007) (applying Maya's rationale in finding a creditor was not bound by a chapter 13 Plan where notice provided incorrect SSN). Without citing In re Price, 79 B.R. 888, 888 (B.A.P. 9th Cir. 1987), aff'd, 871 F.2d 97 (9th Cir. 1989), a case heavily relied upon by Debtors, Maya goes on to distinguish the importance of notices in chapter 7 and 13 cases from the Maya chapter 11 matter, finding "the lack of formal notice of a proof of claims deadline is not as significant in those chapters." Maya at 1399.

This Court is troubled by the rationale in Maya because a creditor with actual notice of a debtor's pending chapter 11 case may easily request notice of proceedings in that debtor's chapter 11, thereby assuring the creditor will be sent formal notice of all important deadlines and filings in the chapter 11. Nevertheless, this Court is bound by the Maya decision and, in any event, the Debtors are alone to blame for their failure to schedule Creditor's claim and add the Creditor to the master mailing list filed with this Court.

While the Debtors have not yet received a discharge because they have not completed the Plan, Maya makes clear that the Plan cannot discharge Creditor's claims because Debtor failed to provide Creditor with formal notice of the Debtors' bankruptcy, the Plan, or the Plan confirmation order. Creditor's actions in state court did not violate the bankruptcy stay. Therefore, Creditor's Plan Interpretation Motion is hereby granted and Debtors' Contempt Motion is hereby denied.

Case 2:11-bk-02693-DPC    Doc 187-1    Filed 03/13/17    Entered 03/13/17 14:56:35    Desc  Main Document    Page 3 of 3

03/13/2017    2:45:19PM